

ORIGINAL

**Gregory L. Abbott**, OSB 93196
email: gregabbott@comcast.net
Attorney at law
6635 North Baltimore Street, Suite 206-M
Portland, Oregon 97203
Telephone: (503) 283-4568
Facsimile: (503) 283-4586
Attorney for Plaintiff

FILED'08 FEB 7 15:10USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**JOAN HADDIX,**

               Plaintiff,

    v.

**ACCOUNT CONTROL TECHNOLOGY,
INC., a Foreign Corporation;**

          Defendant,

Case No. CV'08 - 0159 - ST

**COMPLAINT**
Unfair Debt Collection Practices;
Violation of 15 USC §1692 (FDCPA)

**DEMAND FOR JURY TRIAL**

PRELIMINARY STATEMENT

1.    This is an action for money damages brought by a consumer pursuant to the Fair Debt

Collection Practices Act (*"FDCPA"*), 15 U.S.C. §1692, *et seq*, which prohibits

abusive, deceptive and unfair debt collection practices.

2.    Plaintiff's claims arise from defendants' attempts to collect a debt in Oregon through

means and instrumentalities of interstate commerce and the mails.

PAGE 1 - **COMPLAINT**

JURISDICTION

3.    Jurisdiction for federal claims arises under 15 U.S.C. §1692k(d).

4.    Venue is proper in this judicial district under 28 U.S.C. 1391(b).

PARTIES

5.    Plaintiff is a natural person residing in Multnomah County, Oregon, and a consumer.

6.    Upon information and belief, defendant Account Control Technology, Inc. (*"ACT"*) is a foreign corporation and a debt collector as defined by 15 U.S.C. §1692

IV.    FACTUAL ALLEGATIONS

7.    Plaintiff was obligated to The University of Portland for a consumer debt arising out of a Perkins Loan (the *"Loan"*) from said University, incurred by plaintiff while attending The University of Portland during the years 1991 - 1995.

8.    Upon information and belief, the last payment on the *Loan* by plaintiff was credited to her account on July 2, 2001, which, after credit was given, left an outstanding balance on the account (*"the Debt"*).

9.    *The Debt* was adjudged to be discharged by The United States Bankruptcy Court, District of Oregon, in Case No. 396-33183 and the related Adversary Proceeding, Case No. 01-3028 on or about October 1, 2001.

10.    Despite being a party to the above referenced Adversary Proceeding, The University of Portland continued to try to collect *the* Debt after October 1, 2001.

11.    Upon information and belief, prior to July 20, 2005, The University of Portland assigned the *Debt* to CBE Group, Inc., a debt collector as defined by 15 U.S.C. §1692.

PAGE 2 - **COMPLAINT**

12.    In response to CBE Group, Inc.'s collection efforts on the *Debt*, on or about July 20, 2005, plaintiff's attorney notified The University of Portland, through CBE Group, Inc., that the *Debt* had been discharged.

13.    Upon information and belief, prior to May 7, 2007, The University of Portland again assigned the *Debt* for collection, this time to *ACT*.

14.    On or about May 7, 2007, *ACT* sent a bill and dunning notice to plaintiff through the instrumentalities of interstate commerce and the mails in an attempt to collect the *Debt*.

15.    As an integral part of its bill and dunning notice, *ACT* itemized the amount it was trying to collect as follows: Principal - $2864.87; Interest - $1533.38; Late Charge - $0.00; Collection Fee - $3943.56; Amount Received - $0.00; Total Due - $11,272.31

16.    Pursuant to 15 U.S.C. §1692k(a)(3), plaintiff is entitled to recover her attorney fees and costs herein.

## V. FIRST CLAIM FOR RELIEF - Attempted Collection of a Discharged Debt

17.    Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18.    Within the year next preceding filing of this complaint and in connection with defendant attempting to collect the *Debt*, defendant used false, deceptive, or misleading representations and means in violation of 15 U.S.C. §1692e by misrepresenting the character, legal status, or amount of the *Debt*.

19.    Within the year next preceding filing of this complaint and in connection with defendant attempting to collect of the *Debt*, defendant used unfair and unconscionable

means in violation of 15 U.S.C. §1692f by attempting to collect interest, fees, and charges which were not permitted by law.

20. Pursuant to 15 U.S.C. §1692k(a)(2)(A), defendant is liable to plaintiff for $1,000.00 in statutory damages.

VI. **SECOND CLAIM FOR RELIEF - Misrepresentation of Amount of Alleged Debt**

21. Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

22. Within the year next preceding filing of this complaint and in connection with defendant attempting to collect the *Debt*, upon information and belief, defendant used false, deceptive, or misleading representations and means in violation of 15 U.S.C. §1692e by misrepresenting the character, legal status, or amount of the *Debt*.

23. Within the year next preceding filing of this complaint and in connection with defendant attempting to collect of the *Debt*, upon information and belief, defendant used unfair and unconscionable means in violation of 15 U.S.C. §1692f by attempting to collect interest, fees, and charges which were not permitted by law.

24. Pursuant to 15 U.S.C. §1692k(a)(2)(A), defendant is liable to plaintiff for $1,000.00 in statutory damages.

*WHEREFORE*, plaintiff demands judgment in her favor and against defendant as follows:

On her First Claim for Relief - $1,000 in statutory damages, along with her reasonable attorney fees and costs.

On her Second Claim for Relief - $1,000 in statutory damages, along with her

reasonable attorney fees and costs.

Dated: February __7__, 2008.

Gregory L. Abbott, OSB # 93196
Telephone:  (503) 283-4568
Attorney for Plaintiff

PAGE 5 - **COMPLAINT**